UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIL FORWARD ENTERPRISE HOLDINGS
LLC,

                        Plaintiff,

            -against-

CHRISTOPHER FITZGERALD MILLER and
DIANA ACOSTA-MILLER,

                        Defendants.

26-CV-1981 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Fail Forward Enterprise Holdings LLC ("Fail Forward") filed this action *pro se*. Non-party Chetney D. Stone signed the complaint but did not pay the $405.00 in fees to initiate a new civil action or submit an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed in this order, the Court dismisses without prejudice the claims asserted by Fail Forward.

## DISCUSSION

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, request authorization to proceed IFP that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP—an entity like Fail Forward cannot. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

Moreover, an entity like Fail Forward cannot proceed without counsel. *See, e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro*

*se*"). Accordingly, the Court dismisses claims filed on behalf of Fail Forward without prejudice to that entity proceeding with this action with counsel and with the payment of the fees.

## CONCLUSION

The Court dismisses claims filed on behalf of Fail Forward without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated:   March 31, 2026
         New York, New York

_/s/ Laura Taylor Swain_
         LAURA TAYLOR SWAIN
         Chief United States District Judge

2